W. M. HEDGE v. CHARLES SHEDD AND WILLIAM
MARSHALL, *Partners as Shedd & Marshall.*

No. 206.

APPELLATE PROCEDURE — *attachment defendant a necessary
party to error by defeated interpleader.* In an action by the
defendants in error against one Sullivan, in which an attachment
was issued, and levied upon corn, the corn was sold and the money
brought into court to abide the judgment; the plaintiff in error in-
tervened, claiming the corn under a chattel mortgage, and there
was a judgment adjudging his mortgage invalid and directing the
proceeds of the corn to be applied upon the claim of the defend-
ants in error against Sullivan. *Held,* that Sullivan is a necessary
party to proceedings in error to review said judgment, and without
his presence this court has no jurisdiction.

Error from Brown District Court. Hon. J. F.
Thompson, Judge. Opinion filed April 30, 1897. *Dis-
missed.*

*Means & Smith,* for plaintiff in error.

*James Falloon,* for defendants in error.

MAHAN, P. J. This was an action brought by the
defendants in error against one Sullivan upon three
promissory notes, in which an attachment was issued
at the beginning of the suit and levied upon a crop of
corn. The plaintiff in error intervened, claiming the
corn under a chattel mortgage made to him by the de-
fendant Sullivan. The issue presented was as to the
validity of the mortgage given by Sullivan to the
plaintiff in error. Pending the proceedings, by agree-
ment of all the parties, the corn was sold and the pro-
ceeds paid into court to abide the event of the suit.
The plaintiff took judgment by default against the de-
fendant Sullivan. The issue upon the interplea was
determined against the interpleader, and the fund
was adjudged to be paid to the defendants in error in
discharge of their judgment against Sullivan. Sulli-

van is not made a party to these proceedings in error and is not before the court, and the defendants in error move to dismiss.

Under the well-settled rule of the Supreme Court, as well as this court, his presence is necessary in order to give this court jurisdiction of the case. If the judgment in this case should be reversed and a new trial had, it might result in awarding to the plaintiff in error the fund which went to pay Sullivan's debt to the defendants in error, and in which Sullivan would have a direct interest and a right to protect the same in this court. By reason of his absence from these proceedings, the case will have to be dismissed.

The petition in error is dismissed.